Singh v. Sessions

BIA
Vomacka, IJ
A200 206 661

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand seventeen.

PRESENT:
      REENA RAGGI,
      RICHARD C. WESLEY,
      DENNY CHIN,
         *Circuit Judges.*

_____

TERJINDER SINGH,
      *Petitioner,*

      v.                  16-852
                          NAC

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Amy Nussbaum Gell, Gell & Gell, New York, NY. |
| **FOR RESPONDENT:** | Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Michelle G. Latour, Deputy Director; Victor M. Lawrence, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Terjinder Singh, a native and citizen of India, seeks review of a February 22, 2016, decision of the BIA affirming an October 16, 2014, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Terjinder Singh,* No. A200 206 661 (B.I.A. Feb. 22, 2016), *aff'g* No. A200 206 661 (Immig. Ct. N.Y. City Oct. 16, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, the agency acted within its discretion in excluding two letters that Singh submitted on the day of his second merits hearing, over two months after the deadline for filing evidence, because Singh did not establish good cause for the late filing. *See Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008).

Moreover, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). Under the circumstances of this case, we have

reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility finding on an applicant's inconsistent statements, including testimony that conflicts with the asylum application or other record evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] 'petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.'" *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (quoting *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 76 (2d Cir. 2004)).

Substantial evidence supports the agency's determination that Singh was not credible. First, the agency reasonably relied on the contradiction between Singh's testimony that he knew that the creation of a separate Sikh state called Khalistan was a "main goal" of his party and his failure to mention Khalistan when asked about his party's objectives during his

credible fear interview. *Xiu Xia Lin*, 534 F.3d at 166-67 & n. 3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes). While the agency should not place too much weight on an applicant's lack of doctrinal knowledge, *see Rizal v. Gonzales*, 442 F.3d 84, 90-91 (2d Cir. 2006), in this case the agency was relying on Singh's omission of information that he claimed to be aware of.

Second, the agency reasonably relied on discrepancies in Singh's credible fear interview, his asylum application, and his testimony regarding whether it was Singh himself or his family members who reported the 2011 attack to the police. In his credible fear interview, Singh stated that his family members reported the attack to the police, who failed to act. In his asylum application, however, Singh stated that he reported the 2011 attack himself: "I again reported this attack to the police. I request[ed] some action against the attacks. I also request[ed] some protection for myself. But [the] police failed to do either of these." But at his hearing, Singh backtracked, testifying that his family reported the attack to the police. The agency reasonably concluded that this discrepancy undermined Singh's credibility, particularly as it related to one of only two allegations of past harm. *Xiu Xia Lin*, 534 F.3d at 167 ("[A]n IJ may rely on *any* inconsistency

4

or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (even one material inconsistency may provide substantial evidence for adverse credibility determination).

Finally, the agency reasonably relied on inconsistencies regarding Singh's motivation for coming to the United States. Singh told Border Patrol officers that he came to the United States to work for 5 or 6 years and he did not have any fear of returning to India. At his hearing, Singh acknowledged that he made these statements but explained they were untrue: he was hungry and thirsty because he had "lived in the jungle for so many days" and he did not "know what [he] was saying." Later, he added that the interview was conducted in English, which he did not understand very well, and that he did not know what was written on the form he signed.

While the agency should be cautious in giving weight to these types of border interviews, *see Ramsameaschire v. Ashcroft*, 357 F.3d 169, 179-81 (2d Cir. 2004), any lack of reliability was overcome by Singh's testimony that he made the statements in question. Singh's explanation that he was hungry

and thirsty is not compelling because he acknowledged that he was able to eat before the interview, and in any case does not explain why he would state that he was not afraid of returning to India when his alleged purpose in coming to the United States was to seek asylum.  Singh now argues that he had a "mixed motive" for coming to the United States, but this does not explain why he would tell U.S. officials that he did not have a fear of returning to India.  *Majidi*, 430 F.3d at 80-81.

Additionally, Singh's motivation is further called into question because he obtained his passport in October 2010, more than a month before his first alleged attack.  Singh explained that his mother wanted him to obtain a passport because he was "feeling danger" even before he was attacked; the IJ was not required to credit this explanation because Singh's asylum application stated that he was "targeted for the first time" in December 2010.  *Majidi*, 430 F.3d at 80-81.

The IJ reasonably concluded that Singh's corroborating evidence did not rehabilitate Singh's claim, given the inconsistencies between that evidence and Singh's testimony and because Singh did not provide a letter from the Mann Party in India confirming his membership.  *Biao Yang v. Gonzales*, 496 F.3d at 268, 273 (2d Cir. 2007); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (noting that the weight

6

accorded to the applicant's evidence lies largely within the discretion of the agency).

Given the multiple discrepancies relating to Singh's claim, as well as the lack of rehabilitative corroborating evidence, the totality of the circumstances supports the agency's ruling. *Xiu Xia Lin*, 534 F.3d at 167. Because Singh's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7